# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                              **Case No. 08-CR-254**

**JUSTIN KIECKBUSCH**
        **Defendant.**

---

## DECISION AND ORDER

After I denied defendant Justin Kieckbusch's motion to suppress evidence seized from his car, he entered unconditional guilty pleas to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and possessing an unregistered sawed-off shotgun, 26 U.S.C. § 5861(d). The case was set for sentencing on May 1, 2009, but defendant requested that the matter be adjourned so that he could resolve a state revocation matter first. Defendant then filed a motion to reconsider the suppression issue in light of Arizona v. Gant, No. 07-542, 2009 WL 1045962 (U.S. Apr. 21, 2009). The motion is denied.

Even if I were to accept defendant's submission at this late date – and to assume that defendant's unconditional pleas did not waive any arguments for suppression – Gant is distinguishable.[1] In Gant, the Court held: "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Id. at *11. Defendant argues that at the time of the search of his vehicle he

---

[1] The district court may, in its discretion, reconsider a decision on a motion to suppress. See United States v. Ozuna, 561 F.3d 728, 734 (7th Cir. 2009). However, in this case defendant pleaded guilty unconditionally, and he does not seek to withdraw his pleas.

was seated on the curb, outside the reach of his car, and that it was not reasonable to believe that a search of his car would turn up evidence related to the traffic offenses motivating the initial seizure.

As both the magistrate judge and I made plain, this was not a search incident to arrest under New York v. Belton, 453 U.S. 454 (1981). Rather, it was a protective search under Michigan v. Long, 463 U.S. 1032, 1049 (1983) and United States v. Arnold, 388 F.3d 237, 240-41 (7th Cir. 2004). Gant acknowledges that:

> Other established exceptions to the warrant requirement authorize a vehicle search under additional circumstances when safety or evidentiary concerns demand. For instance, Michigan v. Long, 463 U.S. 1032 (1983), permits an officer to search a vehicle's passenger compartment when he has reasonable suspicion that an individual, whether or not the arrestee, is "dangerous" and might access the vehicle to "gain immediate control of weapons." Id., at 1049 (citing Terry v. Ohio, 392 U.S. 1, 21 (1968)).

Gant, 2009 WL 1045962, at *9. In this case, as explained in detail in my Decision and Order and the magistrate judge's Recommendation, based on defendant's erratic driving, the recent gang violence in the area, defendant's gang affiliation, defendant's excessive nervousness during the stop, and his furtive gestures, the officers had ample justification to search the car for weapons. Nothing in Gant required the officers to issue defendant a traffic ticket, then permit him to return to his car where he could access a weapon, endangering the safety of the officers and others. See id. at *12 (Scalia, J., concurring) ("In the no-arrest case, the possibility of access to weapons in the vehicle always exists, since the driver or passenger will be allowed to return to the vehicle when the interrogation is completed. The rule of Michigan v. Long is not at issue here.").[2]

---

[2]Defendant states that one of the officers testified that if contraband had not been found in the car the officer would not have permitted defendant to leave until defendant's probation

2

**THEREFORE, IT IS ORDERED** that defendant's motion for reconsideration (R. 29) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

officer had been notified and given a chance to hold defendant in custody. An officer's unarticulated plans or suspicions are irrelevant to a determination of custody. United States v. James, 113 F.3d 721, 728 (7th Cir. 1997); see also United States v. Garcia, 376 F.3d 648, 650 (7th Cir. 2004) (stating that "the reasonableness of a search or seizure depends on what actually happens rather than what could have happened"). Further, removing defendant from the car, patting him down and seating him on the curb for a short time pending the vehicle search did not transform the encounter into a full-blown arrest. See, e.g., Smith v. Ball State Univ., 295 F.3d 763, 769 (7th Cir. 2002); United States v. Rivers, 121 F.3d 1043, 1045 (7th Cir. 1997); see also Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977); United States v. Soares, 521 F.3d 117, 120 (1st Cir. 2008).

3